IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL LEON FORD, | § § § | |
| *Plaintiff,* | § § | SA-24-CV-00520-XR |
| vs. | § § § | |
| JEFFERY FREIGHT LINES LLC, | § § § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the above-styled cause of action. This case was referred to the undersigned for a ruling on Plaintiff's motion to proceed *in forma pauperis* ("IFP") and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). On June 11, 2024, the Court granted Plaintiff's motion to proceed IFP, but the Court withheld service of Plaintiff's Complaint pending review of a More Definite Statement regarding the claims Plaintiff is attempting to bring through this suit. Plaintiff has filed the ordered More Definite Statement, and the Court has undertaken a review of Plaintiff's pleadings. For the reasons that follow, the undersigned recommends that Plaintiff's case be dismissed pursuant to Section 1915(e).

**I.  Background and Analysis**

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

1

against a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint asserts claims of employment discrimination against his former employer under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Equal Pay Act.  Plaintiff's proposed Complaint asserts race, color, sex, national origin, and age discrimination.  Plaintiff attaches a Right to Sue Letter from the EEOC dated April 6, 2024, as well as a Charge of Discrimination and a narrative of the facts underlying his claims.

According to Plaintiff's EEOC Charge, he believes Defendant discriminated against him because of his race—African American—when it terminated his employment.  Plaintiff believes that Defendant, which is a "Mexican company," discriminated against him "based on jealousy of [his] relationship status" because his girlfriend is Mexican.  He also believes his termination was based on his driving more than his allotted driving hours, but claims he was coerced by his supervisor to exceed those hours.  Plaintiff also alleges his supervisor threatened to assault him with a baseball bat at work.  According to the narrative description of the basis of his claims, Plaintiff makes similar allegations but also alleges he was terminated from his employment for failing to "complete [his] probation."  Plaintiff does not assert any factual allegations regarding receiving unequal pay or wage discrimination.  The undersigned ordered Plaintiff to file a More Definite Statement regarding his claims, specifically directing Plaintiff to provide more information about his termination, his replacement, and the discriminatory bases for the adverse acts referenced in his Complaint.

Plaintiff filed multiple responses to the Court's Order [#6, #7, #8].  Construing these filings liberally, Plaintiff appears to be alleging that he was hired by Defendant for a

---

[1] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

probationary or orientation period but was terminated after one week before the probation was completed. Plaintiff alleges he was not paid for the orientation as promised. Plaintiff states that he does not have any information about whether he was replaced, and if so, who replaced him because he does not work for Defendant anymore. The filings do not contain any additional information regarding the race-based or age-based discrimination or wage disparity. Based on these allegations, Plaintiff has not stated a plausible claim under any of the federal statutes referenced in his Complaint.

First, to establish a claim under the Equal Pay Act, a plaintiff must show a prima facie case of wage discrimination, i.e., that "an employer pays different wages to employee of opposite sexes" for equal work under similar working conditions. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). This requires four elements: (1) the defendant is an employer that is subject to the Equal Pay Act; (2) the plaintiff worked "in a position requiring equal skill, effort, and responsibility under similar working conditions"; and (3) that the defendant paid the plaintiff "less than the employee of the opposite sex providing the basis for the comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). Plaintiff's Complaint does not assert any factual allegations regarding receiving unequal pay or wage discrimination. The undersigned specifically ordered Plaintiff to describe in his More Definite Statement why he believed he suffered wage discrimination, i.e., whether he received unequal pay for the same work as a female employee who performed his same job. Plaintiff's More Definite Statement does not assert that any female employees of Defendant received greater pay for the same job. Without

allegations related to a wage disparity among employees of opposite sexes,[2] Plaintiff has no claim under the Equal Pay Act.

Plaintiff's More Definite Statement also does not provide sufficient allegations to support a claim under the Age Discrimination in Employment Act ("ADEA"). The ADEA prohibits discharging an employee based on the employee's age. 29 U.S.C. § 623(a)(1). To plead a claim under the ADEA, a plaintiff must allege the following facts: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015). Plaintiff's Complaint and More Definite Statement do not reference age discrimination. The only reference to his age in the proposed Complaint or EEOC charge is that Plaintiff's supervisor told him he "looked younger for [his] age." The only reference to age in the More Definite Statement is to Plaintiff's girlfriend's age, but Plaintiff does not explain how her age gives rise to a claim of discrimination based on his age. Plaintiff has failed to plead a plausible claim under the ADEA.

Finally, in order to establish a Title VII race discrimination claim, Plaintiff must allege the following: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d

---

[2] Plaintiff's only wage-related allegations are that he worked, but was not paid for, his probationary period. This does not state a claim under the federal Equal Pay Act, which prohibits paying employees unequally based on their sex. But if Plaintiff was not paid for work he performed, he may have a state law (not federal) claim under the Texas Payday Act. More information about how to pursue a claim for unpaid wages can be found on the Texas Workforce Commission's website (https://www.twc.texas.gov/programs/wage-and-hour/texas-payday-law).

551, 556 (5th Cir. 2007), *abrogated on other grounds by Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023). Plaintiff alleges he was terminated due to his race and was a victim of race, color, sex, and national origin discrimination, but he does not have any knowledge of whether he was replaced by someone outside of his protected class. Plaintiff also does not assert any allegations about his being treated less favorably than other similarly situated employees in terms of his probationary/training period. His More Definite Statement merely reiterates that he was assaulted at work and discriminated against (without explaining how) due to his interracial relationship. Under federal law, this is not enough to state a claim of discrimination based on his membership in a protected class.

Plaintiff's Complaint, read in combination with his More Definite Statement and other filings, does not state a plausible claim that he was terminated from employment or suffered some other adverse employment action because of his race, color, sex, or national origin. Additionally, there is no allegation that Defendant treated Plaintiff less favorably than a similarly situated employee of another race or protected class under nearly identical circumstances. In summary, Plaintiff has not stated facts that could give rise to a plausible claim under Title VII, and the Court should dismiss Plaintiff's claims under Section 1915.

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's claims be **DISMISSED** for failure to state a claim pursuant to Section 1915(e).

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 22nd day of July, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

6