IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL LEON FORD, *Plaintiff* | § § § | |
| -vs- | § § | SA-24-CV-00520-XR |
| JEFFERY FREIGHT LINES LLC, *Defendant* | § § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation ("Recommendation") in the above-numbered case, filed July 22, 2024 (ECF No. 9), recommending that Plaintiff's complaint be **DISMISSED** for failure to state a claim under Section 1915(e). After careful consideration, the Court **ADOPTS** the Magistrate Judge's Recommendation.

### BACKGROUND

Plaintiff Michael Leon Ford, proceeding *pro se* and *in forma pauperis*, sued Jeffery Freight Lines LLC for employment–related issues under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the Equal Pay Act. Plaintiff seeks monetary damages. ECF No. 6 at 2.

Plaintiff alleges that he was discriminated against because of his race—African American—when Defendant terminated his employment. *See* ECF No. 5 at 10. He claims Defendant, a "Korean Trucking Company,"[1] fired him "based on jealousy of [his] relationship status" because he is in an inter-racial relationship. *Id.*; ECF No. 7 at 4. He asserts Defendant called

---

[1] Plaintiff previously referred to Defendant as a "Mexican trucking company" but corrected this in his More Definite Statement. *See* ECF No. 6 at 6.

him "Leon," even though he "asked them to call [him] Michael." ECF No. 5 at 8. Plaintiff also states Defendant commented on his appearance, stating he "looked younger for [his age]." ECF No. 5 at 10. Moreover, Plaintiff claims he was hired for a probationary period, terminated before its completion, but not paid for orientation as promised. ECF No. 6 at 2. And he hints at retaliation, alleging Defendant fired him for refusing to work over the allotted driving hours, ECF No. 5 at 10, and that after he requested his pay, his supervisor threatened to assault him with a baseball bat. *Id.* at 9–10.

Plaintiff's proposed Complaint attached a Right to Sue Letter from the EEOC which laid out the narrative of these underlying facts. ECF. No. 5. The Magistrate Judge granted Plaintiff's motion to proceed IFP but directed Plaintiff to file a More Definite Statement regarding the claims and withheld service of Plaintiff's Complaint pending review of his response. ECF No. 4. After Plaintiff responded to the Magistrate Judge's Order, ECF Nos. 6, 7, the Magistrate Judge reviewed Plaintiff's pleadings under 28 U.S.C. § 1915(e) and issued the Report, which recommended that all of Plaintiff's claims be dismissed under Section 1915(e). ECF No. 9.

The Magistrate Judge recommended (i) dismissing Plaintiff's Title VII claims because there are no allegations that he was replaced by someone outside his protected class, or that he was treated less favorably than other similarly situated employees,[2] (ii) dismissing Plaintiff's ADEA claims because there are no allegations that reference age discrimination, and (iii) Plaintiff's Equal Pay Act claims because there are no allegations regarding *unequal* pay or wage discrimination.

## **ANALYSIS**

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a

---

[2] Plaintiff merely asserts that "I would bet they hired some[one] else," and that he was "not sure" if his replacement was younger or of a different race or sex. ECF No. 7 at 3–4.

copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff was served with a copy of the Recommendation via Certified Mail on July 22, 2024. ECF No. 10. Plaintiff requested two extensions of time because he wanted to hire an attorney. ECF Nos. 12, 13. The Court granted Plaintiff an extension of time to file objections to September 30, 2024. ECF No. 14. To date, no objections have been filed with the Court.

Because no party has timely objected to the Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ADOPTS** the Magistrate Judge's Recommendation in all respects.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9). Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under Section 1915(e). A final judgment under Rule 58 will issue separately.

It is so **ORDERED**.

**SIGNED** this 8th day of October, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE